UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00045-HBB

**CHERYL M. TILLERY**                                                                                   **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                                          **DEFENDANT**

## MEMORANDUM, OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Cheryl M. Tillery ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 19) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered June 17, 2016 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income[1] on May 20, 2013 (Tr. 47, 200, 207). Plaintiff alleged that she became disabled on May 1, 2012, as a result of two bulging discs, a hiatal hernia, and arthritis in her feet, ankles, wrists, and hands (Tr. 47, 200, 207, 241). Administrative Law Judge Robert B. Bowling ("ALJ") conducted a video hearing from Hazard, Kentucky on December 29, 2014 (Tr. 47, 63). Plaintiff and her counsel, Charles Dale Burchett, participated from Campbellsville, Kentucky (Id.). William J. Braunig also participated and testified as a vocational expert (Id.).

In a decision dated March 20, 2015, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2015 (Tr. 49). The ALJ evaluated Plaintiff's adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 47-55). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 1, 2012, the alleged onset date (Tr. 49). At the second step, the ALJ determined that Plaintiff's obesity, hypertension, joint disorder, and hiatal hernias are medically determinable impairments (Tr. 50). However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that has significantly limited or is expected to significantly limit her ability to perform basic work related activities for 12 consecutive months (Tr. 50). As a result, the ALJ concluded that plaintiff does not have a severe impairment or combination of impairments within the meaning of the regulations (Tr. 50). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 1, 2012, through the date of the decision, March 20, 2015 (Tr. 55).

---

1 Plaintiff protectively filed her application for Supplemental Security Income on May 20, 2013 (Tr. 47).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 20-22). In support of his request for review, plaintiff submitted a brief and new medical evidence from Drs. Suh and Risen (Tr. 5, 297-98, 3-77-379, 380-382). The Appeals Council considered medical records from Drs. Suh and Risen but concluded the evidence was about a later time (Tr. 1-2). Additionally, the Appeals Council found no basis for changing the ALJ's decision after considering plaintiff's arguments, evidence in the record, and the ALJ's findings (Tr. 1-2). Therefore, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable

>
> impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the second step because he found that plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) her ability to perform basic work related activities for 12 consecutive months (Tr. 50, Finding No. 4).

## Discussion

As previously mentioned, in Finding No. 3 the ALJ concluded that Plaintiff's obesity, hypertension, joint disorder, and hiatal hernias are medically determinable impairments (Tr. 50). However, in Finding No. 4, the ALJ concluded "[t]he [Plaintiff] does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work related activities for 12 consecutive months; therefore, the [Plaintiff] does not have a severe impairment or combination of impairments" (Tr. 50).

Plaintiff concedes that Finding No. 3 is supported by substantial evidence (DN 16 at 2). However, Plaintiff argues substantial evidence does not support the portion of Finding No. 4 that addresses Plaintiff's joint disorder (Id.). Plaintiff contends that the ALJ should not have given

great weight to the medical opinions rendered by Dr. Burns, a consultative examiner, on July 9, 2013, and Dr. Lange, a non-examining state agency medical consultant, on October 15, 2013, because of more recent radiographic and examination findings demonstrating that Plaintiff's joint disorder is a severe impairment (Id. at 2-5). More specifically, Plaintiff is referring to a January 2014 x-ray of her feet that revealed degenerative changes, bilateral calcaneal spurs, joint space narrowing, and osteophytes (Tr. 323), and a physical exam on December 19, 2013, that revealed midfoot swelling bilaterally and tenderness in the right foot (Tr. 355). Additionally, Plaintiff cites the March 2015 medical records from Dr. Risen, a podiatrist, and Dr. Fraser, a rheumatologist, that Plaintiff submitted to the Appeals Council in support of a request for review (DN 16 at 3-4, citing Tr. 31-32, 39-40, 380-82). Further, Plaintiff points out that under applicable law an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability (Id. at 4-5 citing 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling 85-28; Ferris v. Sec'y of Health & Human Servs., 773 F.2d 85, 89-90 (1985); Higgs v. Bowen, 880 F.2d 860, 862 (1988)).

Defendant argues the ALJ properly gave great weight to the medical opinions of Drs. Burns and Lange because the x-rays taken in January 2014 showed normal ankles and only mild degenerative changes in Plaintiff's feet (DN 19 at 7, citing Tr. 52, 322-23). Further, defendant asserts that the ALJ considered all of the medical evidence in assessing Plaintiff's residual functional capacity (Id. at 8). Additionally, Defendant contends that the court should not consider evidence Plaintiff submitted to the Appeals Council in determining whether the ALJ's decision is

supported by substantial evidence in the record (Id. at 9-12). Defendant argues that Plaintiff cannot demonstrate that the medical evidence she submitted to the Appeals Council satisfies the requirements for a sentence 6 remand (Id.).

At the second step, a claimant must demonstrate she has at least one "severe" impairment to proceed to the next step in the sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show she suffers from a "medically determinable" physical or mental condition that satisfies the 12 month duration requirement in 20 C.F.R. §§404.1509, 416.909 and "significantly limits" her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863.

To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least twelve (12) months." 20 C.F.R. §§ 404.1509, 416.909. Notably, the claimant must present objective evidence to satisfy the "duration" requirement.

To satisfy the final requirement the claimant must demonstrate the impairment "significantly limits" his or her physical or mental ability to do "basic work activities." The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Examples of basic work activities are as follows:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b), 416.921(b). Notably, an impairment is considered "non-severe" or "not severe" if it is a slight abnormality that no more than minimally effects the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a); Higgs, 880 F.2d at 862; Farris v. Secretary of Health and Human Services, 773 F.2d 85, 89-90 (6th Cir. 1985).

On July 9, 2013, Dr. Burns conducted a consultative examination of plaintiff (Tr. 307). With regard to Plaintiff's joint disorder, the results of Dr. Burns' examination was essentially normal (Dr. 308-9, 310-11). The physical examination on December 19, 2013, showed a full range of active and passive motion in the feet and ankles without obvious discoloration, soft tissue swelling in the mid-dorsal aspect of both feet, and tenderness to palpation on the mid--dorsal aspect of the right foot (Tr. 355).

On January 14, 2014, x-rays of Plaintiff's ankles were normal (Tr. 322). On the same date, x-rays of Plaintiff's feet revealed mild degenerative changes with small calcaneal spurs (Tr. 323).

On December 2, 2014, Plaintiff complained of an inability to work due to bilateral foot and ankle pain (Dr. 332). However, an examination revealed normal appearing feet with no pain elicited on palpation (Tr. 333). Examination did reveal diminished dorsalls pedis pulses bilaterally (Tr. 333).

Plaintiff has cited medical records from Drs. Risen and Fraser in support of Plaintiff's belief that the final decision of the Commissioner is not supported by substantial evidence in the record. The undersigned cannot consider these medical records in deciding whether to uphold, modify, or reverse the final decision of the Commissioner because the Appeals Council considered this evidence but declined Plaintiff's request for review. See Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993). This approach makes sense because the ALJ's decision is the final decision of the Commissioner and the undersigned must consider only the evidence before the ALJ to determine whether his findings are supported by substantial evidence in the record. Cline, 96 F.3d at 148; Cotton, 2 F.3d at 695-96.

The ALJ accurately summarized the relevant medical evidence concerning Plaintiff's joint disorder (Tr. 52). The ALJ noted that Dr. Burns' opinion indicated Plaintiff had the ability to perform activities involving sitting, standing, moving about, lifting, carrying and handling objects, hearing, seeing, speaking, and traveling (Tr. 54). Additionally the ALJ observed that Dr. Burns had opined that plaintiff could lift, push, pull, bend, stoop, squat, kneel, crawl, and crouch without difficulty and could walk up and down stairs (Tr. 54). The ALJ found that the evidence in the record was consistent with Dr. Burns' opinion because the diagnostic testing revealed only minimal findings, specifically only mild degenerative changes in Plaintiff's feet (Tr. 54). The ALJ also recognized that Dr. Burns' physical examination revealed an normal range of motion in the extremities and spine, normal motor strength, normal pulses and deep tendon reflexes, and a normal gait, station, heel, toe, and tandem walk (Tr. 54). The ALJ noted that Plaintiff's attempt to engage in full time work activity, as recently as a week prior to the hearing, suggested that

Plaintiff's impairments may not be as debilitating as she claimed (Tr. 54). In sum, the ALJ gave great weight to Dr. Burns' opinion because it was consistent with the evidence in the record (Tr. 54).

On October 15, 2013, Dr. Lange reviewed the administrative record and concluded that Plaintiff's impairments are not severe because they do not significantly impact on Plaintiff's ability to perform basic work activity (Tr. 114- 120, 121-127 121-127). The ALJ concluded that Dr. Lange's opinion was consistent with Dr. Burns' findings upon physical examination and the conservative treatment regimens that Plaintiff received for her purportedly disabling conditions (Tr. 54).

Contrary to Plaintiff's assertion, the ALJ provided accurate summaries of the January 2014 x-rays of Plaintiff's feet and the December 19, 2013 findings upon examination. Further, the ALJ set forth good reasons for concluding these medical records are consistent with the opinions expressed by Drs. Burns and Lange. The undersigned concludes that substantial evidence in the record supports the ALJ's findings regarding the weight assigned to the opinions of Drs. Burns and Lange. Additionally, the ALJ's findings comport with applicable law because the ALJ considered factors such as consistency and supportability when he assigned weight to the opinions of these non-treating and nonexamining sources. Gayheart v. Comm'r of Soc. Sec., 710 F.2d 365, 376 (6th Cir. 2013) citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Additionally, the undersigned has carefully reviewed the record and concludes that substantial evidence supports the ALJ's finding that Plaintiff's joint disorder does not significantly limit her ability to perform basis work activities.

Next, Plaintiff relies on the same assertions to support her contention that Finding No. 5 is not supported by substantial evidence (DN 16 at 5). For the reasons set forth above, the undersigned concludes that Finding No. 5 is supported by substantial evidence in the record and comports with applicable law.

As previously mentioned, the undersigned cannot consider the medical records from Drs. Risen and Fraser in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. However, these medical records can be considered for the limited purpose of determining whether to order a prejudgment remand to the Commissioner with instructions to conduct further administrative proceedings in light of the new evidence. Cline, 96 F.3d at 148; Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-75 (6th Cir. 1994). To be entitled to a prejudgment remand, under sentence six of 42 U.S.C. § 405(g), Plaintiff must demonstrate that the evidence is new, material, and that "good cause" exists for not presenting it to the ALJ. Faucher, 17 F.3d at 174-75. Notably, Plaintiff has not requested a prejudgment remand. Certainly, the evidence is new. However, the evidence is not material because it merely depicts an aggravation or deterioration of an existing condition. See Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 712 (6th Cir. 1988) (per curiam). Further, the record is not adequately developed to determine whether Plaintiff can satisfy the "good cause" requirement. Therefore, Plaintiff is not entitled to a prejudgment remand.

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and Plaintiff is not entitled to a prejudgment remand under sentence 6 of 42 U.S.C. § 405(g).

<u>ORDER</u>

**IT IS HEREBY ORDERED** that judgment is **GRANTED** for the Commissioner.

This is a final and appealable Order and there is no just cause for delay.

Copies:        Counsel